IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MARIA MARTINEZ, individually and as next friend of GUADALUPE PERALTA, ARACELI PERALTA, JULIA PERALTA, JUAN SIFUENTES, and JENNIFER VERNAL; TANDY COREY JOHNSON, SR. and JESSICA JOHNSON, individually and as next friends of TANDY COREY JOHNSON, JR.; and ANN TILLIS, individually and as next friend of JARED TILLIS-HERRON; <br><br> Plaintiffs, <br><br> vs. <br><br> HOUSTON INDEPENDENT SCHOOL DISTRICT; and JOHN DOES 1 through 10, <br><br> Defendants | Case No. 07-4330 |

## ORIGINAL COMPLAINT

Plaintiff Maria Martinez, individually and as next friend of Guadalupe Peralta, Araceli Peralta, Julia Peralta, Juan Sifuentes, and Jennifer Vernal; Plaintiffs Tandy Corey Johnson, Sr. and Jessica Johnson, individually and as next friends of Tandy Corey Johnson, Jr.; and Plaintiff Ann Tillis, individually and as next friend of Jared Tillis-Herron (collectively "Plaintiffs"), allege and state the following on information and belief:

      1.     This action is filed pursuant to Title 20 of the United States Code, Section 1706; Title 42 of the United States Code, Sections 1973c and 1983; the First and Fourteenth Amendments to the Constitution of the United States; the Declaratory Judgments Act,

28 U.S.C.A. § 2201; Article 1, Sections 13, 15, and 19 of the Texas Constitution; and the Texas Open Meetings Act ("TOMA"). TEX. GOV'T CODE ANN. §551.001, *et seq.* (Vernon 2005).

2. Jurisdiction is founded upon Title 28 of the United States Code, Sections 1331, 1343(a)(3), and 1391(b) and the above-mentioned statutory and constitutional provisions. Defendant Houston Independent School District ("HISD") is located within this Court's jurisdiction.

3. Plaintiffs allege that HISD is discriminating against African-American, Hispanic and lower-income students by providing inferior educational facilities and fewer educational opportunities in predominantly minority areas of Houston.

4. Plaintiffs allege that HISD has failed to comply with the Voting Rights Act and the Texas Open Meetings Act.

5. Plaintiffs further seek a declaratory judgment that Texas's Expedited Declaratory Judgment Act ("EDJA"), TEX. GOV'T CODE ANN. §1205.001, *et seq.* (Vernon 2005), is unconstitutional as written and as applied to them.

## Parties

6. Guadalupe Peralta resides in Houston, Texas and is a student at Key Middle School.

7. Araceli Peralta resides in Houston, Texas and is a student at Key Middle School.

8. Julia Peralta resides in Houston, Texas and is a student at J.C. McDade Elementary School.

9. Juan Sifuentes resides in Houston, Texas and is a student at Key Middle School.

10. Jennifer Vernal resides in Houston, Texas and is a student at John H. Reagan

High School.

11.  Maria Martinez resides in Houston, Texas and is the mother of Guadalupe Peralta, Araceli Peralta, Julia Peralta, Juan Sifuentes, and Jennifer Vernal.

12.  Tandy Corey Johnson, Jr. resides in Houston, Texas and is a student at Key Middle School.

13.  Jessica Johnson resides in Houston, Texas and is the mother of Tandy Corey Johnson, Jr. She is the treasurer of the Parent Teacher Association at Key Middle School.

14.  Tandy Corey Johnson, Sr. resides in Houston, Texas and is the father of Tandy Corey Johnson, Jr.

15.  Jared Tillis-Herron resides in Houston, Texas and is a student at Key Middle School.

16.  Ann Tillis resides in Houston, Texas and is the mother of Jared Tillis-Herron. She is the president of the Parent Teacher Association at Key Middle School.

17.  Defendant HISD is an independent school district and political subdivision of the State of Texas.

18.  Defendants John Doe 1 through 10 are employees or agents of Defendant HISD.

### Factual Allegations

19.  HISD consistently provides lower-quality academic programs, equipment, facilities, and materials at school facilities located in predominantly minority communities, and particularly at those located in African-American communities. In addition to large numbers of African-American and Hispanic students, these schools usually include large numbers of economically-disadvantaged students of all races. The end result of HISD's policies and

practices is fewer resources and opportunities for minority and low-income students.

20. In 1998, HISD adopted a $678 million construction bond, and in 2002 HISD adopted an $808.6 million school construction bond, but these funds have largely been directed to projects outside of African-American communities.

21. HISD's neglect of Key Middle School, for example, resulted in the growth of toxic mold in the facility, which in turn kept scores of students, teachers and staff away from the school because of illness during the 2007-2008 academic year. For nearly two months, HISD denied the existence of mold in the facility, even after bringing in its own hired experts to inspect the campus. However, HISD was forced to close the school in October after federal investigators from the Centers for Disease Control confirmed the presence of mold.

22. Declining facilities and inadequate academic opportunities have forced parents in other minority communities to bus their children away from their neighborhood schools or, alternatively, move to different neighborhoods or school districts.

23. HISD has long neglected Booker T. Washington High School, Jack Yates High School, Ryan Middle School, and Thomas Jackson Middle School, for example, and enrollment in these schools is declining due to dilapidated facilities, inadequate equipment and libraries, and fewer educational opportunities.

24. As attendance declines at schools in minority communities, HISD closes or consolidates the schools, claiming that attendance figures do not justify continued operation of these facilities. Thus HISD perpetuates the cycle of driving students and resources out of minority communities.

25. At an August 9, 2007 meeting, the board of trustees of Defendant HISD approved

and scheduled an election regarding a proposed $805 million construction bond. The bond proposal was prepared with minimal input from the community, particularly the African-American community.

26. HISD did not provide notice of the August 9, 2007 meeting to the Harris County Clerk, as required by the Texas Open Meetings Act.

27. At an October 11, 2007 meeting, the board of trustees of HISD approved ballot language changes as well as additional polling sites. HISD did not provide notice of this meeting to the Harris County Clerk, nor did HISD submit the additional polling sites to the United States Department of Justice for approval as required by the Voting Rights Act.

28. On November 6, 2007, the bond was approved by 51.19 percent of eligible voters.

29. Left unrestrained with $805 million in new bond proceeds, HISD is certain to continue its pattern and practice of diverting resources away from minority communities.

30. Anticipating such an argument, and this litigation, HISD launched a sneak attack on November 9, 2007, filing suit under the EDJA in the District Court of Travis County, Texas. The lawsuit was filed in Travis County with the hope that no one in Harris County would notice. The EDJA authorizes a class action in which all residents of the school district, among others, are parties. EDJA §1205.023. The statute is draconian in its reach, purporting to subsume all possible claims by all possible parties, and further purporting to prohibit any class member or other potential party from proceeding with any other litigation – state or federal – that could question the validity of the bond. EDJA § 1205.151. Despite such reach, the statute authorizes notification of the parties by nothing more than publication. EDJA § 1205.041(a).

31. In its petition, attached herewith as Exhibit A, HISD stated the reason for filing

the suit: "The District anticipates that certain residents intend to file litigation in an effort to forestall the issuance of the Bonds." Exh. A, 6.

32.     Even though the vast majority of class members (and certainly "certain residents") were readily identifiable, these class members were not provided actual notice of HISD's lawsuit.

33.     HISD published notice of the lawsuit in the legal advertisements section of two newspapers, as required by EDJA, but otherwise kept it hidden in plain sight. The board of trustees authorized the lawsuit on November 12, 2007, *i.e.*, *after* it was filed, at a specially-called meeting in which no other items were on the agenda, and HISD took active steps to keep the media from discovering the true purpose of that meeting. HISD did not provide notice of the meeting to the Harris County Clerk or the media, as required by TOMA §§ 551.052 and 551.054, respectively.

34.     In fact, HISD has not provided notice of its meetings to the Harris County Clerk in years, and any actions taken at meetings in violation of TOMA are voidable. *See* § 551.141.

35.     On December 3, 2007, the Travis County District Court tried this case in the absence of the Plaintiffs or any other school district residents, and it issued an order granting the relief requested by HISD. See Exh. B. The state court held that the bond was properly approved, and the court's order purported to bind the Plaintiffs and even to prevent the Plaintiffs from filing this complaint or any other complaint:

> ...the Court's judgment in this lawsuit shall constitute a permanent injunction against the institution or prosecution by an person or entity of any new or existing action or proceeding contesting the validity of the Proposed Public Securities; the authorization of the Proposed Public Securities; the expenditure of money relating to the Proposed Public Securities; the provisions made for the payment of the Proposed Public Securities or of interest thereon; the funds authorized to pay for the Proposed Public Securities; any matter adjudicated by the Court's judgment in this action; and any matter that could have been raised in these proceedings.

Exh. B, 2-3.

## Claims

### Count One: 20 U.S.C. § 1706

36.　Paragraphs 1 through 35 are incorporated by reference as though fully set forth herein.

37.　HISD has violated and is violating 20 U.S.C. § 1706 by providing inferior educational opportunities and facilities for African-American, Hispanic, and low-income students.

### Count Two: 42 U.S.C. § 1973c

38.　Paragraphs 1 through 37 are incorporated by reference as though fully set forth herein.

39.　HISD violated 42 U.S.C. § 1973c by failing to obtain U.S. Department of Justice preclearance for the polling sites adopted at its October 11, 2007 meeting.

### Count Three: 42 U.S.C. § 1983

40.　Paragraphs 1 through 39 are incorporated by reference as though fully set forth herein.

41.　HISD violated 42 U.S.C. § 1983 as follows:

(a)　Plaintiffs were denied due process insofar as they were not provided actual notice of the state litigation. To the extent EDJA permits notice by publication, it is unconstitutional. *See Schroeder v. City of New York*, 371 U.S. 208, 212-213 (1962)("The general rule... is that notice by publication is not enough with respect to a person whose

name and address are known or very easily ascertainable and whose legally protected interests are directly affected by the proceedings in question."); *see also Acevedo v. First Union Nat. Bank*, 476 F.3d 861 (11th Cir. 2007) and *Brody v. Village of Port Chester*, 509 F.Supp.2d 269 (S.D.N.Y. 2007).

(b) Plaintiffs have been denied the equal protection of the laws insofar as facilities and educational opportunities in minority and low-income communities are inferior to those in other parts of HISD.

*Count Four: The Texas Open Meetings Act*

42. Paragraphs 1 through 41 are incorporated by reference as though fully set forth herein.

43. Defendant HISD and various John Doe Defendants violated TOMA by failing to provide notice of trustee meetings to the Harris County Clerk as required by TOMA § 551.054.

44. Defendant HISD and various John Doe Defendants violated TOMA by failing to provide proper notice of the November 12, 2007 meeting to the media as required by § 551.052.

45. Plaintiffs herein assert the right to void all actions of the HISD Board of Trustees since January 1, 2007 insofar as those meetings were held in violation of TOMA.

*Count Five: Nuisance*

46. Paragraphs 1 through 45 are incorporated by reference as though fully set forth herein.

47. HISD created and is perpetuating a nuisance by exposing students, teachers, and staff to toxic mold in Key Middle School.

*Count Six: Civil Conspiracy*

48.     Paragraphs 1 through 47 are incorporated by reference as though fully set forth herein.

49.     HISD and various John Doe Defendants violated the spirit and the letter of the Open Meetings Act by conspiring to keep the media unaware of the purpose of the November 12, 2007 trustees meeting.

*Count Seven: Declaratory Judgment*

50.     Paragraphs 1 through 49 are incorporated by reference as though fully set forth herein.

51.     Plaintiffs ask the Court to declare that the EDJA conflicts with the Fourteenth Amendment to the U.S. Constitution and Article 1, Section 19 of the Texas Constitution to the extent that it permits service upon the Plaintiffs without actual notice.

52.     Plaintiffs ask the Court to declare that the EDJA conflicts with the Seventh Amendment to the U.S. Constitution and Article 1, Section 15 of the Texas Constitution to the extent that it denies them their rights to a jury trial.

53.     Plaintiffs ask the Court to declare that the EDJA is unconstitutionally broad and infringes upon the Plaintiffs' rights under the First Amendment to the U.S. Constitution to petition for redress of grievances; Plaintiffs further ask the Court to declare that the EDJA conflicts with Article 1, Section 13 of the Texas Constitution.

54.     Plaintiffs ask the Court to declare that EDJA conflicts with the Supremacy Clause of the U.S. Constitution and federal preemption doctrine to the extent that it compels parties to bring their federal claims in a state forum.

55. Plaintiffs ask the Court to declare that the December 3, 2007 order of the Travis County District Court in *Ex Parte Houston Independent School District* is not binding on them.

*Prayer for Relief*

Wherefore, Plaintiffs request that this court:

    a. Award compensatory damages against the Defendants;

    b. Award costs of this action to Plaintiffs;

    c. Award reasonable attorney's fees and costs to Plaintiffs;

    d. Temporarily enjoin Defendant HISD from selling the bonds or, in the alternative, inequitably allocating their proceeds;

    e. Permanently enjoin Defendant HISD from inequitably allocating bond proceeds;

    f. Temporarily enjoin HISD from pursuing contempt of court remedies or otherwise seeking to enforce against the Plaintiffs the December 3, 2007 order of the Travis County District Court in *Ex Parte Houston Independent School District*.

    g. Permanently enjoin HISD from pursuing contempt of court remedies or otherwise seeking to enforce against the Plaintiffs the December 3, 2007 order of the Travis County District Court in *Ex Parte Houston Independent School District*.

    h. Temporarily enjoin the Travis County District Court from enforcing against the Plaintiffs its December 3, 2007 order in *Ex Parte Houston Independent School District*.

i.  Permanently enjoin the Travis County District Court from enforcing against the Plaintiffs its December 3, 2007 order in *Ex Parte Houston Independent School District*.

j.  Permanently enjoin Defendant HISD from policies and practices that force students to be bused or transported away from their neighborhood schools, including policies and practices related to closing and/or consolidating schools in minority neighborhoods;

k.  Permanently enjoin Defendant HISD from policies and practices that result in unequal facilities, equipment, libraries, and instructional programs in minority and low-income neighborhoods.

l.  Invalidate the results of the November 6, 2007 and enjoin HISD from creating new polling sites in violation of 42 U.S.C. § 1973c.

m.  Order the closure and replacement of Key Middle School.

n.  Award the declaratory relief requested by Plaintiffs.

o.  Award such other and further relief to which Plaintiffs may be entitled.

Respectfully submitted,

/s/ Ty Clevenger

Ty Clevenger
SDTX Bar No. 727184
1716 Briarcrest Drive, Suite 206
Bryan, Texas 77803
Phone: (979) 985-5289
Fax:    (979) 530-9523

Sylvia Cedillo
SDTX *Pro Hac Vice*
Texas Bar No. 00796331
P.O. Box 416
Prairie View, Texas 77446
Phone: (832) 731-6463
Fax: (936) 857-5965

ATTORNEYS FOR PLAINTIFFS

JURY TRIAL DEMANDED